## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## URBANA DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 15-CR-20057** |
| | ) | |
| **SARAH NIXON,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## JURY INSTRUCTIONS

Members of the jury, I will now instruct you on the law that you must follow in deciding this case. I will also give each of you a copy of these instructions to use in the jury room.

You must follow all of my instructions about the law, even if you disagree with them. This includes the instructions I gave you before the trial, any instructions I gave you during the trial, and the instructions I am giving you now.

As jurors, you have two duties. Your first duty is to decide the facts from the evidence that you saw and heard here in court. This is your job, not my job or anyone else's job.

Your second duty is to take the law as I give it to you, apply it to the facts, and decide if the government has proved the defendant is guilty beyond a reasonable doubt.

You must perform these duties fairly and impartially. Do not let sympathy, prejudice, fear, or public opinion influence you. In addition, do not let any person's race, color, religion, national ancestry, or gender influence you.

You must not take anything I said or did during the trial as indicating that I have an opinion about the evidence or about what I think your verdict should be.

The charge against the defendant is in a document called an Indictment. You will have a copy of the Indictment during your deliberations.

The Indictment in this case charges that the defendant committed the crime of International Parental Kidnapping. The defendant has pleaded not guilty to the charge.

The Indictment is simply the formal way of telling the defendant what crime she is accused of committing. It is not evidence that the defendant is guilty. It does not even raise a suspicion of guilt.

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Criminal No.  15-CR-20057 |
| | ) | VIO: 18 U.S.C. § 1204 |
| | ) | |
| SARAH M. NIXON, | ) | |
| | ) | |
| Defendant. | ) | |

## I N D I C T M E N T

**THE GRAND JURY CHARGES THAT:**

On or about July 13, 2015, at Champaign, in Champaign County, in the Central District of Illinois, and elsewhere in and outside the Central District of Illinois, the defendant,

**SARAH M. NIXON**,

removed a child from the United States and retained a child outside of the United States with the intent to obstruct the lawful exercise of another person's parental rights.

All in violation of Title 18 United States Code Section 1204.

The Indictment charges that the crime happened "on or about" a certain date. The government must prove that the crime happened reasonably close to the date. The government is not required to prove that the crime happened on the exact date.

The defendant is presumed innocent of the charge. This presumption continues throughout the case. It is not overcome unless, from all the evidence in the case, you are convinced beyond a reasonable doubt that the defendant is guilty as charged.

The government has the burden of proving every element of the crime charged beyond a reasonable doubt. This burden of proof stays with the government throughout the case. The defendant is never required to prove her innocence. She is not required to produce any evidence at all.

However, the defendant has the burden of proving the defense of fleeing an incidence or pattern of domestic violence by a preponderance of the evidence.

You must make your decision based only on the evidence that you saw and heard here in court. Do not consider anything you may have seen or heard outside of court, including anything from the newspaper, television, radio, the internet, or any other source.

The evidence includes only what the witnesses said when they were testifying under oath and the exhibits that I allowed into evidence and the stipulations that the attorneys agreed to. A stipulation is an agreement that certain facts are true or that a witness would have given certain testimony.

In addition, you may recall that I took judicial notice of certain facts that may be considered as matters of common knowledge. You may accept those facts as proved, but you are not required to do so.

Nothing else is evidence. The attorneys' statements and arguments are not evidence. If what an attorney said is different from the evidence as you remember it, the evidence is what counts. The attorneys' questions and objections likewise are not evidence.

An attorney has a duty to object if he or she thinks a question is improper. If I sustained objections to questions the attorneys asked, you must not speculate on what the answers might have been.

You may have heard the terms "direct evidence" and "circumstantial evidence." Direct evidence is evidence that directly proves a fact. Circumstantial evidence is evidence that indirectly proves a fact.

For example, direct evidence that it was raining outside is testimony by a witness that it was raining. Indirect evidence that it was raining outside is the observation of someone entering a room carrying a wet umbrella.

You are to consider both direct and circumstantial evidence. The law does not say that one is better than the other. It is up to you to decide how much weight to give to any evidence, whether direct or circumstantial.

Give the evidence whatever weight you believe it deserves. Use your common sense in weighing the evidence, and consider the evidence in light of your own everyday experience.

People sometimes look at one fact and conclude from it that another fact exists. This is called an inference. You are allowed to make reasonable inferences, so long as they are based on the evidence.

Do not make any decisions simply by counting the number of witnesses who testified about a certain point.

What is important is how truthful and accurate the witnesses were and how much weight you think their testimony deserves.

Part of your job as jurors is to decide how believable each witness was, and how much weight to give each witness's testimony, including that of the defendant. You may accept all of what a witness says, or part of it, or none of it.

Some factors you may consider include:

- the age of the witness;

- the intelligence of the witness;

- the witness's ability and opportunity to see, hear, or know the things the witness testified about;

- the witness's memory;

- the witness's demeanor;

- whether the witness had any bias, prejudice, or other reason to lie or slant the testimony;

- the truthfulness and accuracy of the witness's testimony in light of the other evidence presented; and

- inconsistent or consistent statements or conduct by the witness.

It is proper for an attorney to interview any witness in preparation for trial.

You have heard evidence that before the trial, the defendant made statements that may be inconsistent with her testimony here in court. You may consider an inconsistent statement by the defendant made before the trial to help you decide how believable the defendant's testimony was here in court, and also as evidence of the truth of whatever the defendant said in the earlier statement.

You have heard evidence that before the trial, a witness made a statement that may be inconsistent with his or her testimony here in court. You may consider an inconsistent statement made before the trial to help you decide how believable a witness's testimony was here in court.

In this proceeding, I determined that S.G.'s testimony should be transmitted to you via live 2-way closed circuit television.  That means the child, S.G., testifed in another room in this courthouse and her testimony was transmitted into this courtroom by closed circuit television.  You were able to see and hear the child and she was able to see the defendant and hear what was said in the courtroom.  The attorneys for the government and the defendant, a judicial officer, persons necessary to operate the closed-circuit television equipment and the child's adult attendant were the only persons in the room with the child.  This procedure is specifically authorized by statute for child witnesses and the parties agreed to this procedure.  You should not consider in any way the fact that the child's testimony was transmitted via live 2-way closed circuit television.  You should judge the child's testimony in the same way you judge the testimony of any other witness.

If you have taken notes during the trial, you may use them during deliberations to help you remember what happened during the trial. You should use your notes only as aids to your memory. The notes are not evidence. All of you should rely on your independent recollection of the evidence, and you should not be unduly influenced by the notes of other jurors. Notes are not entitled to any more weight than the memory or impressions of each juror.

In deciding your verdict, you should not consider the possible punishment for the defendant who is on trial. If you decide that the government has proved the defendant guilty beyond a reasonable doubt, then it will be my job to decide on the appropriate punishment.

The indictment charges the defendant, Sarah M. Nixon, with International Parental Kidnapping, in violation of Section 1204 of Title 18 of the United States Code. In order for you to find the defendant guilty of this charge, the government must prove each of the two following elements beyond a reasonable doubt:

First, that on or about July 13, 2015, the defendant either:

a) knowingly removed the child, S.G., from the United States; <u>or</u>

b) knowingly retained the child, S.G., who had been in the United States, outside the United States; and

Second, that the defendant removed or retained the child, with the intent to obstruct, G.G., from lawfully exercising his parental rights;

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt as to the charge you are considering, then you should find the defendant guilty of that charge.

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any one of these elements beyond a reasonable doubt as to the charge you are considering, then you should find the defendant not guilty of that charge.

A person acts knowingly if she realizes what she is doing and is aware of the nature of her conduct, and does not act through ignorance, mistake, or accident. In deciding whether the defendant acted knowingly, you may consider all of the evidence, including what the defendant did or said.

A child for purposes of this offense means a person who has not yet attained the age of 16 years.

On July 12 and 13, 2015, as a matter of law, G.G. had parental rights with respect to the child, S.G.

The government is not required to prove that a court custody order was in place prior to the removal of the child from, or the retention of the child outside, the United States.

The government must also prove beyond a reasonable doubt that the defendant acted with the intent to obstruct the lawful exercise of parental rights.

To obstruct means to hinder, impede or interfere.

The government need not prove that the defendant acted with the sole or principal intent of obstructing the lawful exercise of parental rights.

In making your determination in this case, you are not to concern yourselves with the future custody of the child. It is not your role to decide what custody arrangement is or was in the best interest of the child.

You should also not consider who you may believe to be the better parent of the child.

The defendant contends that even if the government has proved that she committed the offense of international parental kidnapping, she did so fleeing an incidence or pattern of domestic violence.  A defendant who commits this offense but flees an incidence or pattern of domestic violence should be found not guilty.

You are instructed that domestic violence includes physical and sexual abuse, but does not include purely emotional or psychological abuse.  A child who suffers physical or sexual abuse at the hands of a parent or guardian is a victim of domestic violence.

If the defendant proves that it is more likely true than not true that she reasonably believed that an incidence or pattern of domestic violence had occurred or would occur and flees because of that incidence or pattern, then you should find her not guilty.

Once you are all in the jury room, the first thing you should do is choose a foreperson. The foreperson should see to it that your discussions are carried on in an organized way and that everyone has a fair chance to be heard. You may discuss the case only when all jurors are present.

Once you start deliberating, do not communicate about the case or your deliberations with anyone except other members of your jury. You may not communicate with others about the case or your deliberations by any means. This includes oral or written communication, as well as any electronic method of communication, such as: telephone, cell phone, smart phone, iPhone, Blackberry, computer, text messaging, instant messaging, the internet, chat rooms, blogs, websites, or services like Facebook, Myspace, LinkedIn, YouTube, Twitter, or any other method of communication.

If you need to communicate with me while you are deliberating, send a note through the court security officer. The note should be signed by the foreperson, or by one or more members of the jury. To have a complete record of this trial, it is important that you do not communicate with me except by a written note. I may have to talk to the attorneys about your message, so it may take me some time to get back to you. You may continue your deliberations while you wait for my answer.

Please be advised that transcripts of trial testimony are not available to you. You must rely on your collective memory of the testimony.

If you send me a message, do not include the breakdown of any votes you may have conducted. In other words, do not tell me that you are split 6-6, or 8-4, or whatever your vote happens to be.

A verdict form has been prepared for you. You will take this form with you to the jury room.

When you have reached unanimous agreement, your foreperson will fill in, date, and sign the verdict form. Each of you will sign it.

Advise the court security officer once you have reached a verdict. When you come back to the courtroom, the deputy clerk will read the verdict aloud.

The verdict must represent the considered judgment of each juror. Your verdict, whether it is guilty or not guilty, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with each other, express your own views, and listen to your fellow jurors' opinions. Discuss your differences with an open mind. Do not hesitate to re-examine your own view and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence just because of the opinions of your fellow jurors or just so that there can be a unanimous verdict.

The twelve of you should give fair and equal consideration to all the evidence. You should deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror.

You are impartial judges of the facts. Your sole interest is to determine whether the government has proved its case beyond a reasonable doubt.

You are not required to reach a unanimous agreement on all of the factual issues which underlie your verdict nor are you required to unanimously agree which of several possible ways the defendant committed an element of the crime.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF ILLINOIS

### URBANA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Case No. 15-CR-20057 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | IN VIOLATION OF: |
| | ) | 18 U.S.C. § 1204 |
| SARAH M. NIXON, | ) | |
| | ) | |
| Defendant. | ) | |

## V E R D I C T

WE, THE JURY, FIND THE DEFENDANT, SARAH M. NIXON,

_____ OF INTERNATIONAL PARENTAL KIDNAPPING AS
   (GUILTY/NOT GUILTY)

CHARGED IN THE INDICTMENT.

DATE:_____

_____        _____

_____        _____

_____        _____

_____        _____

_____        _____

_____        _____
                                        FOREPERSON