# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
# URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 15-CR-20057 |
| SARAH NIXON, | ) |
| Defendant. | ) |

### SEALED ORDER

Defendant, Sarah Nixon, filed the instant Motion to Supplement the Record (#153) on June 19, 2018, seeking to supplement the record on appeal with a private email sent by the court during Defendant's trial to an employee in a geographically separate division of the United States' Attorney's Office. The government filed its Response (#154) on June 26, 2018, indicating that, while it believed the email was not relevant to the merits of the appeal, it did not oppose Defendant's motion.

Whether to allow for the supplementation of the record on appeal is left to the sound discretion of the district court. *Samuels v. Wilder*, 871 F.2d 1346, 1354 (7th Cir. 1989). Federal Rule of Appellate Procedure 10(e) allows parties to move to supplement the record on appeal if any difference arises about whether the record truly discloses what occurred in the district court. However, Rule 10(e) does not allow a party to add materials to the record on appeal that were not before the district court. *United States v. Elizalde-Adame*, 262 F.3d 637, 640 (7th Cir. 2001). Rather, "[t]he purpose of Rule 10(e) is to is to ensure that the record on appeal accurately reflects the proceedings in the trial

court (thereby allowing [the appellate court] to review the decision that the trial court made in light of the information that was actually before it), not to enable the losing party to add new material to the record in order to collaterally attack the trial court's judgment." *Elizalde-Adame*, 262 F.3d at 641.  "Courts have denied motions to supplement where a party seeks to add documents to the record on appeal that were not part of the record before the district court." *Parker v. Loyal*, 2018 WL 898722, at *2 (S.D. Ind. Feb. 15, 2018).  A district court should not grant a motion to supplement the record with evidence that it has not relied upon in making any sort of ruling or decision.  *United States v. Banks*, 405 F.3d 559, 567 (7th Cir. 2005).  The appellate court may not consider factual material outside the record that was never presented to the district court and any claim that requires such extrinsic evidence is premature on direct appeal and should be made in a collateral proceeding. *United States v. Gordon*, 189 Fed.Appx. 544, 545 (7th Cir. July 21, 2006), citing *United States v. Paladino*, 401 F.3d 471, 479 (7th Cir. 2005).

The court finds that the emails are irrelevant to matters at issue on appeal and do not meet the criteria for documents constituting part of the record on appeal under Federal Rule of Appellate Procedure 10(a).  Fed.R.App.P. 10(a) (the record on appeal consists of the original papers and exhibits filed in the court, the transcript of proceedings, and a certified copy of the docket entries prepared by the district clerk).  The court believes that in order for an accurate record to be created, any further

development of this record should occur in a collateral proceeding as opposed to direct appeal. See *Gordon*, 189 Fed.Appx. at 545.

IT IS THEREFORE ORDERED:

Defendant's Motion to Supplement the Record on Appeal (#153) is DENIED.

ENTERED this 27th day of June, 2018.


s/ COLIN S. BRUCE
U.S. DISTRICT JUDGE