

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 15 CR 20057 |
| ) | |
| ) | |
| SARAH NIXON ) | |
| ) | |
| Defendant. ) | |
| ) | |

## PRO SE MOTION FOR A NEW TRIAL AND RECUSAL

I, Sarah M. Nixon, without the assistance of an attorney, pursuant to Federal Rule of Criminal Procedure 33, respectfully move the Court for a new trial based on newly discovered evidence, and respectfully request that the instant motion be considered by a different judge than the judge who presided over my trial. In support of my motion, I state as follows:

### BACKGROUND

1. I am the defendant in this case.

2. On October 20, 2015, the defendant was charged with international parental kidnapping.

3. The Court appointed the defendant an attorney.

4. The defendant's case went to trial. The trial took place between December 13th and 20th, 2016.

5. On December 20, 2016, the jury convicted the defendant of international parental kidnapping, and the district court sentenced the defendant on May 19, 2017, and docketed the final judgment on May 22, 2017.

6. In July 2017, the court appointed the defendant an attorney to represent her on appeal.

7. The defendant appealed to the 7th Circuit.

8. The defendant's appeal proceedings are pending and ongoing.

9. On May 30, 2018, the United States Attorney's office mailed a letter to defendant's appellate attorney, disclosing a series of emails between United States district Judge Colin Bruce and an employee of the United States Attorney's office. (A true and complete copy of the letter and enclosures from the Department of Justice United States Attorney's office to defendant's attorney are appended hereto as Defendant's Exhibit "A".)

10. Judge Colin Bruce was the presiding judge at the defendant's trial.

11. The aforesaid employee of the United States Attorney's office was a co-worker of the United States attorneys who were prosecuting the defendant.[1]

12. The email exchanges occurred between December 16, 2016 and December 18, 2016, during the defendant's trial.

13. In the emails, Judge Bruce sought to engage the United States Attorney's office employee in a discussion about defendant's trial.

14. In the email exchanges, Judge Bruce specifically discussed the viability of the defendant's case.

---

[1] The United States attorneys who were prosecuting the defendant were Elly Peirson and Lauren Kuipersmith.

15. Judge Bruce's emails criticized the trial strategy pursued by the United States attorneys, and put forward strategy for prosecuting the case.

16. The defendant was not aware, at the time, of the email exchanges.

17. On June 5, 2018, the defendant's appellate attorney notified the defendant of the disclosure, by the Department of Justice, of the email communications.

18. On June 19, 2018, the defendant's appellate attorney filed with the district court a Motion to Supplement the Record on Appeal with the email communications.

19. On June 26, 2018, the United States Attorney filed its response to the defendant's Motion to Supplement the Record on Appeal, stating that "it understands the defendant's desire to make the court of appeals aware of the emails," and it did not oppose the defendant's motion.

20. On June 27, 2018, the district court entered a sealed order, denying the defendant's Motion to Supplement the Record on Appeal.

21. On July 3, 2018, the defendant's appellate attorney filed with the 7th Circuit a Motion to Supplement the Record on Appeal with these communications.

22. On July 3, 2018, the 7th Circuit denied the defendant's Motion to Supplement the Record on Appeal with the district court's email communications.

23. In the aforesaid order of June 27, 2018, the district court stated that the defendant's motion was "premature on direct appeal and *should be made in a collateral proceeding.*" Emphasis added.

24. In the aforesaid order, the district court stated that it believes that, "in order for an accurate record to be created (…) any further development of this record *should occur in a collateral proceeding.*" Emphasis added.

25. The defendant's appellate attorney has alerted the defendant of the grounds in this case for a Rule 33 Motion, and has apprised her of the applicable Rule language.

26. Pursuant to Federal Rule of Criminal Procedure 33, to be granted a new trial based on newly discovered evidence, the defendant must show the following four elements: that the evidence:

> (1) came to [her] knowledge only after trial;
>
> (2) could not have been discovered sooner through the exercise of due diligence;
>
> (3) is material, and not merely impeaching or cumulative; and
>
> (4) would probably lead to an acquittal in the event of a new trial."

United States v. Theodosopoulos, 48 F.3d 1438, 1448 (7th Cir. 1995).

27. The defendant's case meets the required elements:

> (1) The emails came to the defendant's knowledge only after trial;
>
> (2) The emails could not have been discovered sooner through the exercise of due diligence;
>
> (3) The evidence is not merely impeaching, and it is not cumulative. It is material.
>
> (4) The evidence would probably lead to an acquittal in the event of a new trial.

28. The email exchanges took place over a weekend while the defendant was on the witness stand, in mid-testimony.

29. The defendant only recently learned of the discovery of these emails, and is timely filing her motion for a new trial.

30. Judge Bruce exercised prodigious discretion in ruling on defendant's pre-trial motions and during defendant's trial. The principal basis of defendant's argument on appeal is the multiplicity of errors made in discretionary judicial decisions – just one example being

the court's discretionary decision to exclude the witness testimony of numerous child abuse experts whose investigations had found that the defendant's minor child had been sexually assaulted and physically assaulted by her father. As a result, the jury never learned of the existence of expert findings and conclusions.

31. In the emails, Judge Bruce expressed undisguised prejudice and contempt for defendant's truthful testimony, and offered his opinion of it as worthless ("garbage").

32. In the emails, Judge Bruce opined on the strengths and weaknesses of the defendant's case, the government's case, and speculated on the shifting odds and likelihood of a conviction.

33. Judge Bruce's emails constitute grounds, under Rule 33, for a new trial.

34. The defendant anticipates a response from the government to the instant motion, and respectfully requests that counsel be appointed to file a reply brief on her behalf.

WHEREFORE, Sarah Nixon respectfully requests that the instant Motion be considered by a different judge than Colin Bruce, and requests that the Honorable Court issue an order granting her a new trial, and granting her the appointment of counsel to represent her in this cause.

Respectfully Submitted,

*/s/ Sarah Nixon*

Sarah Nixon, *Pro Se*

607 West Oregon Street
Urbana, Illinois
61801

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | Case No. 15 CR 20057 |
| SARAH NIXON | ) ) ) | |
| Defendant. | ) ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on August 14, 2018, I served the foregoing by placing it in the U.S. Mail with proper postage affixed to:

WILLIAM A. GLASER
Attorney, Appellate Section
Criminal Division, Suite 1264
U.S. Department of Justice
950 Pennsylvania Avenue, N.W.
Washington, DC 20530
(202) 532-4495

PATRICK D. HANSEN
First Assistant U.S. Attorney
318 South 6th Street
Springfield, IL 62701-1806
(217)492-4450

                                                                     Respectfully Submitted,

                                                                       */s/ Sarah Nixon*

                                                                       Sarah Nixon, *Pro Se*

                                                                       607 West Oregon Street
                                                                       Urbana, Illinois, 61801