UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 15-cr-20057-JES-EIL |
| | ) | |
| SARAH M. NIXON, | ) | |
| | ) | |
| Defendant. | ) | |

# **ORDER**

On May 22, 2017, Judge Colin Stirling Bruce sentenced Defendant, Sarah M. Nixon, to 26 months of imprisonment, one year of supervised release, $2,000 restitution, and a $100 special assessment. Doc. 120. Her trial attorney, Peter Henderson, subsequently filed a notice of appeal. Doc. 123. On appeal, the Seventh Circuit granted attorney Henderson's motion to withdraw and, pursuant to the provision of the Criminal Justice Act, appointed attorney Sarah Schrup from the Northwestern University School of Law to represent Nixon. Doc. 128; *see United State of America v. Sarah M. Nixon*, No. 17–2132 Doc. 6 (7th Cir.).

While her appeal was pending before the Seventh Circuit, attorney Schrup filed a motion in the district court to supplement the record on appeal. Doc. 153. That motion was filed by the Clerk's Office under seal, as were the response (Doc. 154) by the United States and Judge Bruce's order (Doc. 155) denying the motion. Attorney Schrup renewed her motion to supplement the record on direct appeal before the Seventh Circuit, which was denied. On August 28, 2018, the Seventh Circuit filed an opinion affirming the judgment of the district court. The

matter remains pending before the Seventh Circuit until a petition for rehearing is filed, or the time to do so has expired, and the mandate issues.[1]

On August 16, 2018, Judge Bruce recused himself from the case and the matter was transferred to the undersigned for further proceedings. Doc. 161. On September 17, 2018, the Court received a letter from the Illinois Times requesting the unsealing of the Defendant's sealed motion (Doc. 153) to supplement the record on appeal, the sealed response (Doc. 154) by the United States, and the sealed order (Doc. 155) denying the motion. In a text order, the Court asked the parties to submit their positions as to whether the above-cited documents should remain under seal. *See* September 17, 2018 Text Order.

The United States responded to the Court's Order by indicating that it does not have any objection to the unsealing of the documents in question. Doc. 164. On September 19, 2018, attorney Schrup called chambers to inform the Court that her CJA appointment did not extend to matters in the district court. Chambers staff directed attorney Schrup to relay her concerns in a email addressed to both chambers and attorney Peirson, the Assistant United States Attorney assigned to the case. Attorney Schrup stated in her email that she directed her client to file a pro se response to the Court's September 17, 2018 text order, a copy of which was attached to her email.[2] In further correspondence between attorneys Schrup and Peirson, Schrup stated that she had "never filed an appearance" in the district court and "the CJA is clear that [her] appointment is limited to the Seventh Circuit unless [she] gets a reversal."

The Court has reviewed what it believes are the relevant provisions of the Criminal Justice Act and finds no such provision that limits her appointment to the appellate court—

---

[1] Because this order addresses matters ancillary to, or separate from, the issues on appeal, the Court does not believe it is necessary to wait until the mandate issues to address this matter.
[2] Separate and apart from the issue addressed in this order, the Court questions the propriety of counsel directing her client to proceed pro se in this matter, as opposed to simply responding and then seeking leave to withdraw.

clearly or otherwise. Rather, the Act simply provides that "[a] person for whom counsel is appointed shall be represented at every stage of the proceedings from his initial appearance before the United States magistrate judge or the court through appeal, *including ancillary matters appropriate to the proceedings*." 18 U.S.C. § 3006A(c) (emphasis added). The plain language of the Act thus indicates that representation is both mandatory ("shall be represented") and may extend beyond the confines of a direct appeal ("including ancillary matters appropriate to the proceedings"). *Id*. In fact, because the Act expressly contemplates that representation may extend beyond the courts of appeal, attorney Schrup was able to file (and, under Seventh Circuit Rule 10(e), required to file) in the district court her motion to supplement the record on appeal.

      Simply put, the Court is unable to discern why attorney Schrup's representation extended to the district court to file a motion to supplement the record on appeal yet does not extend to representing her client with respect to whether the same motion should remain under seal. Accordingly, the Court directs attorney Schrup to comply with the Court's September 17, 2018 text order by indicating whether her motion (as well as the subsequent response and order) should remain under seal. Alternatively, attorney Schrup may file a response to the Court's order clarifying why her representation is limited to matters before the Seventh Circuit. The Court *sua sponte* extends the deadline set in the prior text order to September 24, 2018.

**IT IS THEREFORE ORDERED:**

Attorney Schrup is directed to file, on or before September 24, 2018, a response that either complies with the Court's September 17, 2018 text order or explains why her representation is limited to matters before the Seventh Circuit.

    Signed on this 20th day of September, 2018.

s/ James E. Shadid  
James E. Shadid  
Chief United States District Judge
