IN THE UNITED STATE DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Case No. 15-CR-20057 |
| vs. | Hon. James E. Shadid, Chief United States District Judge, Presiding |
| SARAH NIXON, | |
| Defendant. | |

**DEFENDANT'S RESPONSE TO THE GOVERNMENT'S MOTION TO FILE REDACTED COMMUNICATIONS EX PARTE AND UNDER SEAL AND MOTION FOR PROTECTIVE ORDER**

Now Comes the Defendant, Sarah Nixon, by her attorneys Thomas W. Patton and Peter W. Henderson, and files this Response to the Government's Motion to file Redacted Communications Ex Parte and Under Seal and Motion for Protective Order.

## I. Introduction

Ms. Nixon filed a motion for new trial arguing that improper, ex parte communications between the judge who presided over her trial, Colin S. Bruce, and the United States Attorney's Office for the Central District of Illinois (USAO) established Judge Bruce's actual bias in favor of the USAO and against criminal defendants. (d/e 173) Ms. Nixon supported her motion with numerous emails that had been disclosed to her by the USAO in compliance with its ethical obligations.

1

The government has filed a response to the motion. (d/e 181) It admits Judge Bruce engaged in extensive communications with the USAO, but denies the communications establish Judge Bruce's bias. The government tells the Court that a search of its email system revealed 1,230 emails between Judge Bruce's official Administrative Office of the United States Courts email accounts and any email account from the United States Attorney's office. (d/e 181 at 27)[1] The government claims the content of the emails do not show any bias on Judge Bruce's part in favor of the government.

The government has filed a motion to provide an unredacted copy of the emails to the Court along with other materials it claims are privileged, (d/e 182), a motion to file a redacted copy of the emails under seal and ex parte, (d/e 184), and a motion for protective order, (d/e 186). This Court "does not approve of filing documents under seal as a general matter. A party who has a legal basis for filing a document under seal without prior court order must electronically file a motion for leave to file under seal. The motion must include an explanation of how the document meets the legal standards for filing sealed documents." Local Criminal

---

[1] The government's response also reveals that Assistant United States Attorney Tim Bass has filed a referral to the Department of Justice's Office of the Inspector General ("OIG") "regarding Judge Bruce, the *Schock* case, and USAO management." *Id.* at 10. Additionally, AUSA Bass has been in written contact with "professional responsibility and ethics officials in Washington, D.C., concerning his referral and his ethical obligations." *Id.* at 11. AUSA Bass's declaration, attached to the response, states that "[t]he referral included but was not limited to a request for review of alleged ex parte communications between Judge Bruce and USAO management." (d/e 181, App. 164) Bass's declaration also states he had "periodically discuss[ed]" his "concerns regarding Judge Bruce and USAO management with" Assistant United States Attorney Eugene Miller. Id. at 165. The government has not provided Ms. Nixon with any of these materials and states in its Response it will provide the material to the Court for *in camera* review. Ms. Nixon will address these documents in a separate filing.

Rule 49.9(A)(2). Ms. Nixon objects to the government's *ex parte* filing of the unredacted emails, and its *ex parte* sealed filing of the redacted emails. There is similarly no basis for a protective order.

## II. The Emails are Judicial Documents Subject to Disclosure

"It is clear that the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978). Federal courts, though independent, are accountable to, and must promote confidence in the administration of justice among, the general public. *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995). In exchange for life tenure, judges must promote transparency into the process that affects "virtually all citizens." *Id*. Internal checks are not enough to ensure compliance with our democratic norms:

> Although courts have a number of internal checks, such as appellate review by multi-judge tribunals, professional and public monitoring is an essential feature of democratic control.

*Id*. Without monitoring, the public can "have no confidence in the conscientiousness, reasonableness, or honesty of judicial proceedings." *Id*. And the monitoring function can be performed only by providing the public with "access to testimony and documents" that are used to resolve disputes. *Id*.

Those observations are particularly on point here. The government's filing acknowledges:

- Judge Bruce engaged in extensive *ex parte* communications with the USAO;

- Judge Bruce's conduct constitutes judicial misconduct;

- The USAO's employees may have violated ethics rules; and

- The USAO's employees have made internal ethics complaints against senior management in the USAO about improper *ex parte* communications with Judge Bruce.

Yet after attaching the 1,230 emails to its response for the Court to review and consider when ruling on Ms. Nixon's motion, it fails to provide Ms. Nixon, let alone the public, with a copy of the emails. It withholds emails from Ms. Nixon because she would not agree to a protective order that has no basis in law. (d/e 186 ¶¶ 1–4) It withholds emails from the public out of concern for the privacy of employees of the Court, among others. (d/e 184 ¶ 2)

The Seventh Circuit has repeatedly admonished district judges and parties to litigation not to use protective orders to shield documents filed in the district courts or appellate courts in support of dispositive motions. "[D]ispositive documents in any litigation enter the public record." *Baxter Intern., Inc. v. Abbott Laboratories*, 297 F.3d 544, 546 (7th Cir. 2002). This is true notwithstanding any protective agreement that may have been entered between the parties during discovery. "Allowing such an agreement to hold sway would be like saying that any document deemed provisionally confidential to simplify discovery is confidential forever. … [T]he dispositive documents in any litigation enter the public record notwithstanding any earlier agreement." *Id*. Here there is not even a

protective order that was in place prior to the emails being provided to the Court in support of the government's response.

If a document contains confidential material the confidential material should be redacted and the remainder of the document disclosed "in order to afford access to information in which the public is legitimately interested." *Methodist Hospitals, Inc. v. Sullivan*, 91 F.3d 1026, 1032 (7th Cir. 1996). Some emails may contain the names of individuals not employed by the USAO. But that issue is easily resolved by redacting those names, as the government seems to acknowledge. (d/e 184 ¶ 2) That the emails should be redacted for the public does not mean the emails should be sealed from the public.

### III. Ms. Nixon is Entitled to an Unredacted Copy of the Emails

The government's motion to provide an unredacted copy of the emails to the Court *ex parte* should be denied. The government's motion cites no law in support of its motion and provides no legal theory explaining why Ms. Nixon should not have a copy of the unredacted emails. The government has provided the emails to the Court in support of its response to Ms. Nixon's motion. Counsel is not aware of any law that allows a litigant to provide information to a court in support of its position on a dispositive motion yet not provide those documents to the opposing party. If the Court determines that the unredacted version of the emails should remain sealed, the Court can enter an order sealing the unredacted copies and Ms. Nixon will be bound by that order. But there is no precedent for one party failing

to disclose the evidence it marshals in support of its argument by instead submitting that evidence *ex parte*.

### IV. There Is No Need For a Protective Order

By submitting the emails to the Court in support of its response to Ms. Nixon's motion the government has made the emails part of the judicial record. *Baxter Intern.*, 297 F.3d at 546. The emails, redacted if necessary, are thus part of the public record. *Id.* A party to litigation cannot provide documents to a court for use in the court's exercise of its Article III power but shield the documents from public view through a protective order. *Id.* And the government's proposed protective order only applies to documents "not in the public record." As just discussed, the emails are now in the public record so the protective order would not apply to them anyway.

The government's motion for a protective order notes AUSA Greggory Walters had discussions with Ms. Nixon's counsel regarding signing a protective order in return for receiving a redacted copy of the emails. But that was before the government filed the emails as an exhibit in support of its position that Ms. Nixon's motion for new trial should be denied. The emails are now a part of the case, so Ms. Nixon is entitled to a copy of the emails.

During Ms. Nixon's conversations with AUSA Walters about the proposed protective order, Mr. Walters cited the Privacy Act of 1974, 5 U.S.C. § 552a, *et seq.*, as the reason a protective order was necessary. The government's motion does not

6

cite to the Privacy Act nor explain how that Act allows the government to disclose the emails to the Court in support of its litigation position on Ms. Nixon's motion yet prohibits Ms. Nixon from receiving a copy of the emails.

In any event, § 552a(b)(11) of the Act allows for disclosure of information contained in a system covered by the Act "pursuant to the order of a court of competent jurisdiction." Accordingly, any Privacy Act concerns seem to be resolvable through a Court order. But, contrary to the government's proposed protective order, the Court's order would necessarily entitle Ms. Nixon to unredacted copies of the emails, not prevent Ms. Nixon from receiving copies of the emails, would not require defense counsel to obtain government counsel's permission before using the emails, and would not require counsel to return the emails at the end of the case. *See* Gov. Motion for Protective Order (d/e 186)

Finally, the government cites to Federal Rule of Criminal Procedure 16(d) for the proposition that the Court may enter a protective order governing discovery. (d/e 186 at 2) But discovery is not the issue here. Again, the government has filed the emails with the Court for the Court to use in ruling on Ms. Nixon's motion for new trial. The emails are no longer discovery; they are part of the judicial record that must be made public. So Rule 16(d) no longer applies.

## V. Conclusion

1. Ms. Nixon is entitled to an unredacted copy of the emails and any inventory of the emails provided to the Court. If the Court decides the unredacted

copies should be sealed, there is no need for a separate protective order, because the emails will be under seal.

2. The redacted emails must be made part of the public record. The government is not allowed to provide documents to the Court to be used in deciding a dispositive motion yet shield those documents from public view. And there is no reason to impose a protective order concerning documents that are part of the public record.

BY:   s/ Peter W. Henderson                   s/ Thomas W. Patton
      Assistant Federal Public Defender       Federal Public Defender
      300 West Main Street                    401 Main Street, Suite 1500
      Urbana, Illinois 61801                  Peoria, IL 61602
      Phone: (217) 373-0666                   Phone: (309) 671-7891
      Facsimile: (217) 373-0667               Facsimile: (309) 671-7898
      Email: Peter_Henderson@fd.org           Email: thomas_patton@fd.org

## CERTIFICATE OF SERVICE

    I hereby certify that on January 28, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Assistant United States Attorney Gregory G. Brooker. A copy of the foregoing was also mailed to the defendant.

s/ Thomas W. Patton
THOMAS W. PATTON
Attorney for Defendant
Federal Public Defender
PA ID No. 88653
401 Main Street, Suite 1500
Peoria, Illinois 61602
Phone: 309/671-7891
Fax: (309) 671-7898
E-mail: Thomas_Patton@fd.org
