IN THE UNITED STATE DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Case No. 15-CR-20057 |
| vs. | Hon. James E. Shadid, United States District Judge, |
| SARAH NIXON, | Presiding |
| Defendant. | |

**SUPPLEMENT TO MOTION FOR NEW TRIAL**

Defendant Sarah Nixon, through her attorneys, Thomas W. Patton and Peter W. Henderson, files this Supplement to Her Motion for New Trial. In support thereof, Ms. Nixon states as follows:

I. INTRODUCTION

Ms. Nixon has previously filed a motion for new trial based on newly discovered evidence of United States District Judge Colin S. Bruce's *ex parte* communications with the United States Attorney's Office for the Central District of Illinois. R.173. In the government's response to that motion it disclosed the existence of thousands of pages of additional communications between Judge Bruce and the United States Attorney's Office. R.181. The parties are still litigating the extent of redactions made to those additional materials with a hearing on the redaction issue currently set for December 17, 2019.

Ms. Nixon continues to assert the claim made in the original motion for new trial that Judge Bruce's bias against her as demonstrated in his communications with the United

1

States Attorney's office violated her right to due process. This supplement to that motion adds the claim that Judge Bruce violated 28 U.S.C. § 455(a) by failing to recuse himself from presiding over Ms. Nixon's trial based on the appearance of bias created by his *ex parte* communications with the United States Attorney's office in her case in addition to his continues communication with numerous individuals in the United States Attorney's office since taking the bench. The government has already conceded in the United States Court of Appeals for the Seventh Circuit that Judge Bruce's improper communications with the United States Attorney's office creates the appearance of bias and Judge Bruce violated § 455(a) by failing to recuse himself. *United States v. Atwood*, 941 F.3d 883, 885 (7th Cir. 2019); *United States v. Williams*, Case No. 18-3318 (7th Cir.), Ct. App. R.35 at 26. And as the government acknowledged in *Williams*, Judge Bruce's *ex parte* communications with the United States Attorney's office in this case involved the merits of Ms. Nixon's case. *Williams*, Case No. 18-3318 Ct. App. R. 35 at 34.

Ms. Nixon will not repeat the procedural history set forth in her motion for new trial. She incorporates by reference the entirety of the new trial motion and adds the following claim for relief.

### II. JUDGE BRUCE VIOLATED 18 U.S.C. § 455(a) BY FAILING TO RECUSE HIMSELF FROM MS. NIXON'S CASE

"Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Section 455(a) "asks whether a reasonable person perceives a significant risk that the judge will resolve the case on a basis other than the merits." *In Re Mason*, 916 F.2d 384, 385 (7th Cir. 1990). The test is objective. *Liteky v. United States*, 510 U.S. 540, 548

(1994). Recusal is required if a reasonable, well-informed observer would question the judge's partiality. *Hook v. McDade*, 89 F.3d 350, 353-54 (7th Cir. 1996). "The goal of section 455(a) is to avoid even the appearance of partiality." *Liljeberg v. Health Serv. Acquisition Corp.*, 486 U.S. 847, 860 (1988) (internal quotations and citations omitted). Accordingly, when there is an appearance of partiality, § 455(a) requires recusal "whether or not the judge is actually biased." *In re U.S.*, 572 F.3d 301, 312 (7th Cir. 2009).

Because the language of § 455(a) states the judge "shall disqualify himself when" his partiality may reasonably be questioned, "[t]he judge, not the litigant, must take the initiative" and recuse himself even in the absence of a motion by a litigant. *Fowler v. Butts*, 829 F.3d 788, 794 (7th Cir. 2016). This is especially important in a case such as this where Ms. Nixon had no way to know about Judge Bruce's improper, *ex parte* communication with the United States Attorney's office. *Id*. And, there is the additional fact in this case that Ms. Nixon tried to raise this issue in her direct appeal but was prohibited from doing so by Judge Bruce and the Seventh Circuit, both of whom rejected her attempts to supplement the record on appeal with the offending emails. R.155; *United States v. Nixon*, Case No. 17-2132 (7th Cir.), Ct. App. R.39.

Judge Bruce's order denying the motion states: "The court believes that in order for an accurate record to be created, any further development of this record should occur in a collateral proceeding as opposed to direct appeal." R. 155. But Ms. Nixon completely finished her sentence, including the term of supervised release on August 7, 2018, before the Seventh Circuit ruled on her direct appeal on August 28, 2018. R.157; *United States v. Nixon*, 901 F.3d 918 (7th Cir. 2018). Once she finished serving the sentence she was no

longer "in custody" for purposes of filing a motion to vacate under 28 U.S.C. § 2255. This motion is the first opportunity Ms. Nixon has had to raise her § 455(a) claim.

There can be no serious dispute Judge Bruce's emails would lead a well-informed observer to question his partiality. *Hook*, 89 F.3d at 353-54. In the emails Judge Bruce calls Ms. Nixon's testimony "bullshit" and complains about the poor job the United States Attorney's office was doing prosecuting the case. R.181-1 at 124. And the concern about the prosecutors' poor performance was that it might lead to Ms. Nixon's acquittal. *Id*. at 124–25 (complaining that case went "from a slam-dunk for the prosecution to about a 60-40 for the defendant."). Judge Bruce "really cringed" when he perceived that the prosecutor's cross-examination of Ms. Nixon was going poorly. *Id*. at 124. Ms. Nixon persists in her argument that the emails show actual bias, but there can be no doubt the emails raise the appearance of bias. When the hundreds of additional emails revealed by the United States Attorney's office in its response to the new trial motion are also considered the appearance of bias grows that much stronger. That is why the United States Attorney's office has (so far) twice conceded to the Seventh Circuit that Judge Bruce violated § 455(a) by not recusing himself.

Under Federal Rule of Criminal Procedure 33 "the court may vacate any judgment and grant a new trial if the interest of justice so requires." New trial motions based upon newly discovered evidence must be brought within 3 years after the verdict or finding of guilty. Rule 33(b)(1). The jury's guilty verdict was returned on December 20, 2016, so this amended claim is timely. R.107; cf. *United States v. O'Malley*, 833 F.3d 810, 812 n.1 (7th Cir. 2016) ("Rule 33 does not limit the number of motions for new trial … so long as the

motions are filed within three years of the verdict.").

"[A] motion for a new trial based on newly discovered evidence that demonstrates constitutional or statutory error may indeed be brought under Rule 33 and should be granted 'if the interest of justice so requires.'" *O'Malley*, 833 F.3d at 815. There can be no real dispute that the interest of justice require a new trial here.

The Seventh Circuit has already found Judge Bruce's failure to recuse himself required a new sentencing hearing for a defendant who was not even the subject of any of the emails. *Atwood*, 941 F.3d at 885. In reaching that conclusion that Seventh Circuit noted that a sentencing hearing "leaves ample room for the court's discretion" and that discretion invites the risk that a judge's personal biases will influence or appear to influence the sentence he imposes. *Id*. That rationale applies *a fortiori* to Judge Bruce's discretion over every aspect of Ms. Nixon's case. Judge Bruce ruled on numerous pretrial motions, R.21, 35, 39, 46, 47, 49, 50, 70, 94, proposed voir dire, R. 57, 62, jury instructions, R.63, 85, 86, 89, and objections made throughout the trial, in addition to sentencing Ms. Nixon. Upholding Ms. Nixon's conviction and sentence "creates a real risk of unfairness to [her]." *Atwood*, 941 F.3d at 885.

The risk of harm to the public's confidence in the impartiality of the judiciary could not be higher than in Ms. Nixon's case. Mr. Atwood was not even the subject of any of Judge Bruce's improper emails. The Seventh Circuit nonetheless found the risk of harm to the integrity of the judiciary intolerable:

> Finally, we consider the risk of harm to the public's confidence in the impartiality of the judiciary. In sentencing, the most significant restriction on a judge's ample discretion is the judge's own sense of equity and good judgment. When those qualities appear to be compromised, the public has

5

little reason to trust the integrity of the resulting sentence. The government has conceded that Judge Bruce compromised his appearance of impartiality. Allowing Atwood's sentence to stand would undermine the public's confidence in the fairness of this sentence and in the impartiality of the judiciary.

*Atwood*, 941 F.3d at 885-86.

Unlike Mr. Atwood, Ms. Nixon was the subject of Judge Bruce's most egregiously improper emails. How can the public have any confidence in the impartiality of the judiciary if Ms. Nixon's conviction is allowed to stand? Her trial judge told the government how to do a better job prosecuting her. During her trial—indeed, in the middle of her cross-examination. Her trial judge told the prosecution her testimony was bullshit. Her trial judge complained that she might not be convicted due to the poor job being done by the prosecutor. And he made those complaints to the prosecution! This case reeks of partiality.

There are costs to a retrial. But those costs fall squarely on Judge Bruce and the United States Attorney's office. They should not have engaged in the misconduct in the first place and both had the opportunity to bring the misconduct to light while the trial was in progress. Ms. Nixon should not bear the costs of Judge Bruce's and the United States Attorney's office's misconduct.

WHEREFORE, Ms. Nixon respectfully requests that this Court grant her a new trial based on newly discovered evidence.

| | | |
|---|---|---|
| BY: | s/ Peter W. Henderson | s/ Thomas W. Patton |
| | Assistant Federal Public Defender | Federal Public Defender |
| | 300 West Main Street | 401 Main Street, Suite 1500 |
| | Urbana, Illinois 61801 | Peoria, IL 61602 |
| | Phone: (217) 373-0666 | Phone: (309) 671-7891 |
| | Facsimile: (217) 373-0667 | Facsimile: (309) 671-7898 |
| | Email: Peter_Henderson@fd.org | Email: thomas_patton@fd.org |

**CERTIFICATE OF SERVICE**

    I hereby certify that on December 4, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Assistant United States Attorney Elly Pierson. A copy of the foregoing was also mailed to the defendant.

                                          s/ Thomas W. Patton
                                          THOMAS W. PATTON
                                          Attorney for Defendant
                                          Federal Public Defender
                                          PA ID No. 88653
                                          401 Main Street, Suite 1500
                                          Peoria, Illinois 61602
                                          Phone: 309/671-7891
                                          Fax: (309) 671-7898
                                          E-mail: Thomas_Patton@fd.org