IN THE UNITED STATE DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Case No. 15-CR-20057 |
| vs. | Hon. James E. Shadid, |
| SARAH NIXON, | Chief United States District Judge, Presiding |
| Defendant. | |

**DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO GOVERNMENT APPEAL OF MAGISTRATE JUDGE'S RULING ON REDACTIONS**

Now Comes the Defendant, Sarah Nixon, by her attorneys Thomas W. Patton and Peter W. Henderson, and files this Response to the Government's Appeal of the Magistrate Judge's Ruling on her Motion to Un-redact.

I. Background

Ms. Nixon has filed a motion for a new trial arguing United States District Judge Colin Bruce was actually biased against her, and defendant's in general, and his failure to recuse himself due to the appearance of bias in favor of the United States violated the federal recusal statute. The claims are based in large part on hundreds of emails Judge Bruce exchanged with the United States Attorney's Office for the Central District of Illinois ("USAO") after taking the bench. The

1

parties have been litigating redactions of the emails at issue for an extended period of time.

In addition to the emails between Judge Bruce and the USAO, there are four other documents, or sets of documents, relevant to Judge Bruce's relationship with the AUSO that were provided in heavily redacted form to Ms. Nixon. The government's appeal deals mainly with these sets of documents.

The government breaks the documents into the following categories:

1. Emails between Assistant United States Attorney Timothy Bass and the Department of Justice's Office of Inspector General ("OIG");

2. Emails between Assistant United States Attorney Timothy Bass and the Department of Justice's Professional Responsibility Advisory Office ("PRAO");

3. Emails between AUSAs Elly Peirson and Timothy Bass presumably discussing the emails sent between Judge Bruce and Paralegal Lisa Hopps during Ms. Nixon's trial; and

4. A memorandum Hopps sent to Deputy Director Norman Wong the government characterizes as asking the Executive Office for United States Attorneys to take action in a different case.

See R.206 at 4-5. Combined, the documents amount to 310 pages of material.

Ms. Nixon filed a motion to un-redact these documents. R. 197. The government asserted numerous privileges in support of its redactions. R. 202. The Court referred the issue to United States Magistrate Judge Jonathan Hawley who entered an oral order on the motion at a hearing on December 17, 2019. Out of the 310 pages Judge Hawley ordered a total of 9 specific un-redactions. Judge Hawley

ordered five un-redactions in the OIG materials (since the materials involve an email chain some items Judge Hawley ordered un-redacted are repeated in the email chain so are un-redacted in multiple places); one un-redaction in the PRAO documents; two un-redactions in the Peirson/Bass emails; and one un-redaction in the Hopps memorandum. The limited, very specific items ordered un-redacted reflect a detailed review of the documents by Judge Hawley.

Judge Hawley explained his review of the documents as follows: "I have first reviewed all of the information with an eye towards relevance. Okay? So anything that is not relevant, I have allowed it to be redacted . . . . If there's information that I found to be relevant that was proposed to be redacted by the government, then I considered whether or not any other of the asserted bases for the redaction would apply." T. at 4-5.[1]

After identifying the first item he was ordering un-redacted, Judge Hawley explained: "I do not believe that there is any overriding privilege based on the information here that would in any way reveal any work product on pending litigation or any communications related to ongoing investigations; and I think even if there were that the defendant's need for this and its relevance would outweigh that. And that's going to be the case for pretty much all of my rulings on these." T. at 8.

---

[1] Citations to "T." are to the transcript of the December 17, 2019, hearing attached as exhibit 1 to the government's memorandum of law.

After announcing all 9 of the specific un-redactions Judge Hawley gave the following explanation in support of his decision:

> And, again, I'm being very gen-- I'm not giving specific reasons for why these particular passages, I think, should be unredacted because, number one, we're on the record here and they're currently still redacted. I know both sides are going to have the opportunity to appeal my ruling. But, again, the general basis for these are that they're relevant to the claim or defense in the case and there's nothing in here that I can find that relates to any of the other privileges asserted. So that's just a general basis.

T. at 12-13.

After Judge Hawley announced the 9 un-redactions and his reasons for ordering the un-redactions, Ms. Nixon argued that *all* of the information should be un-redacted as the government had provided all of the documents to the Seventh Circuit Judicial Council as part of its investigation into judicial misconduct complaints filed against Judge Bruce based on the emails. T.20-2. Ms. Nixon argued that by turning the documents over to the Seventh Circuit the government had waived any of the asserted privileges. *Id*. Additionally, Ms. Nixon argued that since the government in other cases had argued that the Seventh Circuit's order ruling on the judicial complaints should be considered as substantive evidence that Judge Bruce was not biased, she should have access to all of the information presented to the Seventh Circuit. *Id*.

In response to these arguments Judge Hawley responded: "Right, and I -- and to be clear, I am not -- not one of the reasons why I have said things should

4

remain redacted is based on any assertion of privilege; it's based solely on the fact that, in my opinion, none of the material or information that's redacted has any relevance to the issues you're raising." T.21.

## II. Standard of Review

Because the motion to un-redact was a non-dispositive pretrial matter, this Court's referral of the issue to Judge Hawley was made pursuant to 28 U.S.C. § 636(b)(1)(A). "A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). Pursuant to Central District of Illinois Local Rule 72.2A, the proper way to seek review of a magistrate judge's order entered pursuant to § 636(b)(1)(A) is to file an appeal to the district court within 14 days of the magistrate's order accompanied by a memorandum of law. The opposing party has 14 days in which to file a response. *Id*. In such appeals the district court reviews the magistrate judge's order for clear error. *Hall v. Norfolk Southern Ry. Co.*, 469 F.3d 590, 594-95 (7th Cir. 2006).

## III. Analysis

The government has failed to provide the Court with any meaningful argument as to how Judge Hawley's order is clearly erroneous. The government's memorandum of law acknowledges it is merely a copy of its response to Ms. Nixon's motion to un-redact with the addition of language in the background section "describing the subject decision," and part VII of the Argument section.

5

R.206 at 4. Accordingly part VII of the argument section, which is barely over a page in length, is the government's only argument as to why Judge Hawley's order is clearly erroneous. That argument is woefully inadequate.

    A. Jude Hawley did not hold that relevance overrides all considerations of privilege.

The government incorrectly argues Judge Hawley "held that relevance overrides all considerations of privilege." R.206 at 37-38. The government claims support for its argument by citing to Judge Hawley's statements on page 21 of the transcript. R.206 at 38. But that is the portion of Judge Hawley's order explaining why he kept information redacted, not his explanation for why he ordered information un-redacted.

Page 21 of the transcript is Judge Hawley's response to Ms. Nixon's argument that all of the documents should be un-redacted because they were turned over to the Seventh Circuit. The point Judge Hawley was making was whether any privileges had been waived was irrelevant because all the material that remained redacted was not relevant to the new trial motion. Remember, Judge Hawley explained his review process as follows: "I have first reviewed all of the information with an eye towards relevance. Okay? So anything that is not relevant, I have allowed it to be redacted." T. at 4. In short, Judge Hawley did not have to consider any privilege issue with regards to the information that remained redacted because it was not relevant. That is not a holding that "relevance

overrides all considerations of privilege." R.206 at 37-38. What Judge Hawley's statements on 21 reflect is an intelligent way to proceed with the review of the submitted documents.

    B. The government has failed to show Judge Hawley's finding that the material ordered un-redacted is not covered by any applicable privilege is clearly erroneous.

    When the Court looks to Judge Hawley's rulings on the un-redactions it will see he considered the government's asserted privileges but found they did not apply to the limited material he ordered un-redacted. Again, here are the rulings:

> I do not believe that there is any overriding privilege based on the information here that would in any way reveal any work product on pending litigation or any communications related to ongoing investigations; and I think even if there were that the defendant's need for this and its relevance would outweigh that. And that's going to be the case for pretty much all of my rulings on these."

T. at 8.

\* \* \* \* \* \* \*

> And, again, I'm being very gen-- I'm not giving specific reasons for why these particular passages, I think, should be unredacted because, number one, we're on the record here and they're currently still redacted. I know both sides are going to have the opportunity to appeal my ruling. But, again, the general basis for these are that they're relevant to the claim or defense in the case and there's nothing in here that I can find that relates to any of the other privileges asserted. So that's just a general basis.

T. at 12-13.

    Far from finding relevance overrides any applicable privilege, Judge Hawley found the government had failed to establish that any privilege applied to the

limited information he ordered un-redacted. The government's memorandum of law does not give this Court *any* analysis of how Judge Hawley's holding is wrong, let alone clearly wrong. The government treats this appeal as if it were an objection to a report and recommendation entitled to *de novo* review. But that is not the case. This is an appeal of a magistrate judge's order on a nondispositive motion. The government bears the burden of showing Judge Hawley's order is clearly erroneous.

After Judge Hawley's ruling, the government had the opportunity to explain to this Court why any of the limited information ordered un-redacted was privileged. *Scott v. City of Peoria*, 280 F.R.D. 419, 420 (C.D. Ill. 2011) (party exerting privilege has burden of establishing existence of privilege as well as its applicability in the particular situation). It has failed to do so, simply regurgitating the broad privilege claims it made in its response to Ms. Nixon's motion to un-redact. The government's only objection is that Judge Hawley failed to consider its asserted privileges and relied solely on relevance in making his ruling. As has been previously explained, that assertion is wrong. Accordingly, the government has waived any argument that Judge Hawley's determination that the material he ordered un-redacted is covered by a valid privilege.

In an abundance of caution, Judge Hawley did say that to the extent any privilege did apply to the limited material he ordered un-redacted Ms. Nixon's need for the information overcame the privilege. Both the work product privilege

and the deliberative process privilege may be overcome by substantial need. *United States v. Farley*, 11 F.3d 1385, 1389-90 (7th Cir. 1993). The government has not even established these privileges apply to the information ordered un-redacted let alone explain how Judge Hawley's determination that Ms. Nixon's need for the information outweighs the privilege is clearly erroneous.[2] And, the need exists. There is no way for Ms. Nixon to obtain this information from other sources. The government has not allowed its employees or former employees to speak with Ms. Nixon's counsel. The government has invoked the "*Touhy* regulations," 28 C.F.R. §§ 16.21-16.29, to forbid its employees from speaking with Ms. Nixon's counsel.

While the attorney-client privilege cannot be waived based on need the government has failed to establish any of the material ordered un-redacted is actually protected by the attorney-client privilege. The only assertion of attorney-client privilege pertains to the material AUSA Bass sent to PRAO. Only one of the ordered un-redactions comes from that material. But even that is irrelevant as the government admits the material Bass sent to PRAO is the same information he sent to OIG. R.206 at 10-11. Since the material was disclosed to a third party, it cannot

---

[2]*Farley* found the magistrate judge who ordered material covered by the work product and deliberative process disclosed due to the need of the opposing party failed to engage in any weighing of need. 11 F.3d at 1389-90. That is not the case here. Judge Hawley specifically stated he engaged in the weighing process and only declined to give a detailed, on-the-record explanation of his process to protect the government should it successfully appeal his decision and keep the information redacted. The government should not benefit from Judge Hawley's limited explanation of his weighing process aimed at preserving the secrecy of the material he ordered un-redacted in case the government successfully appealed. The government has not challenged Judge Hawley's weighing process and therefore has waived any objection to that process.

be covered by the attorney-client privilege. *Powers v. Chicago Transit Auth.*, 890 F.2d 1355, 1359 (7th Cir. 1989) ("Any voluntary disclosure by the holder of the attorney-client privilege by the holder of the attorney-client privilege is inconsistent with the attorney-client confidential relationship and thus waives the privilege.")[3].

The government's memorandum talks about grand jury secrecy but it does not identify any of the information Judge Hawley ordered un-redacted as being contained in grand jury material. Again, the government had every opportunity in its memorandum of law to focus on the specific information Judge Hawley ordered un-redacted and explain why Judge Hawley clearly erred in finding that the specific information was not covered by a privilege. It did not do so. As a result, it has waived any such argument. In any event, Ms. Nixon finds it highly unlikely Judge Hawley ordered the release of any grand jury material.

The Privacy Act does not provide any evidentiary privilege. The Privacy Act protects personal information contained in government record systems from unauthorized disclosure. See 5 U.S.C. § 552a. But § 552a(b)(11) of the Act allows for disclosure of such information "pursuant to the order of a court of competent jurisdiction." Judge Hawley's order meets that description so the government's discussion of the Privacy Act is a red herring.

---

[3] The PRAO documents were also submitted to the Seventh Circuit as part of the judicial complaint process which is another waiver of any attorney-client privilege.

Finally, the government's reliance on Freedom of Information Act case law to assert a privilege in the name of OIG employees is equally frivolous. First, it is not clear that any of the information Judge Hawley ordered un-redacted contains the names of any OIG employees. If it does not the point is moot. Second, the government provides no support for the proposition that FOIA case law establishes evidentiary privileges that apply to court ordered discovery in criminal cases.

## IV. Conclusion

The Court referred the redaction issues in this case to Judge Hawley. Judge Hawley engaged in a detailed review and analysis of the disputed material and ordered nine discreet disclosures. On appeal of that decision the government has the burden of proving Judge Hawley committed clear error. To satisfy its burden the government gave the Court one page of argument that incorrectly characterizes Judge Hawley's ruling as being based solely on relevance. The government has failed to meets its burden of showing clear error and Judge Hawley's order should be affirmed.

BY:    s/ Peter W. Henderson                      s/ Thomas W. Patton
       Assistant Federal Public Defender          Federal Public Defender
       300 West Main Street                        401 Main Street, Suite 1500
       Urbana, Illinois 61801                      Peoria, IL 61602
       Phone: (217) 373-0666                       Phone: (309) 671-7891
       Facsimile: (217) 373-0667                   Facsimile: (309) 671-7898
       Email: Peter_Henderson@fd.org               Email: thomas_patton@fd.org

## CERTIFICATE OF SERVICE

     I hereby certify that on January 10, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Assistant United States Attorneys Gregory G. Brooker, and W. Scott Simpson. A copy of the foregoing was also mailed to the defendant.

                                                  s/ Thomas W. Patton
                                                  THOMAS W. PATTON
Attorney for Defendant
Federal Public Defender
PA ID No. 88653
401 Main Street, Suite 1500
Peoria, Illinois 61602
Phone: 309/671-7891
Fax: (309) 671-7898
E-mail: Thomas_Patton@fd.org